**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**LISA MURPHY**                                                                                  **PLAINTIFF**
**ADC #760343**

v.                                      **CASE NO: 1:14CV00125 BSM**

**KRAMER JONES, et al.**                                                                **DEFENDANTS**

**ORDER**

Defendants' motion for summary judgment [Doc. No. 31] is granted, the proposed findings and recommended disposition submitted by United States Magistrate Judge H. David Young are rejected as moot, and all other pending motions are denied as moot. Accordingly, this case is hereby dismissed with prejudice. Effective today, the clerk's office is instructed to return any document submitted by Murphy in any case, instead of filing it for docketing, until Murphy has paid the full statutory filing fee in that case.

I. BACKGROUND

Viewed in the light most favorable to plaintiff Lisa Murphy, the non-moving party, the facts are as follows. Murphy is an inmate at the Arkansas Department of Correction's McPherson Unit, in Newport, Arkansas. In September 2014, Murphy was housed with April Hobbs, despite Murphy's objections that Hobbs was threatening her. On September 27, 2014, Hobbs assaulted Murphy. Four days later, on October 1, 2014, Murphy prepared her complaint against various prison officials, alleging deliberate indifference and seeking damages. Although Murphy also filed an initial grievance around this time, she did not pursue any appeals once her first grievance was denied.

On November 6, 2014, Murphy filed a voluntary motion to dismiss, and United States Magistrate Judge H. David Young prepared a recommended disposition ("RD") granting that request. Doc. No. 20. Prior to a ruling on the recommended disposition, Murphy filed a motion to reopen her case. Doc. No. 21. In light of this, the RD was rejected, and all pending motions were denied as moot in order to allow Murphy's case to continue. Doc. No. 22.

On February 13, 2015, the defendant prison officials filed their motion for summary judgment, contending that Murphy could not have possibly exhausted her grievances because she filed the lawsuit four days after the assault. Doc. No. 31. On February 24, 2015, Murphy filed a second motion to voluntarily dismiss her case. The defendants objected to Murphy's motion, and Judge Young prepared a second RD recommending dismissal without prejudice. Doc. No. 36. One week later, prior to a ruling being entered on the second RD, Murphy again moved to withdraw her motion to dismiss. Doc. No. 37. Murphy was upset that the defendants' response characterized her as potentially "angry" and stated that the defendants were trying to "put[] words in [her] mouth." *Id*. at 2. On April 6, 2015, Murphy filed a motion to intervene on behalf of four plaintiffs who she claims wish to join this lawsuit. Doc. No. 38.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P.

56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings.  *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).  Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute that must be resolved at trial.  *Id.*  Importantly, when considering a motion for summary judgment, all reasonable inferences must be drawn in the light most favorable to the non-moving party.  *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007).  Additionally, the evidence is not weighed, and no credibility determinations are made.  *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### III. DISCUSSION

Defendants' motion for summary judgment is granted, because Murphy did not exhaust her grievances prior to filing suit.

Prior to delving into the law, a look at Murphy's history in the Eastern District of Arkansas is instructive.  Since 2003, Murphy has filed fifty-five *pro se* lawsuits.  The results of those lawsuits are as follows: twenty were dismissed for failure to prosecute or failure to follow court orders; twelve were dismissed on the merits or as frivolous; nine were voluntarily dismissed by Murphy; one settled; three were transferred to the Western District of Arkansas; and ten are still pending.  In several of the cases dismissed on the merits, Murphy filed motions to dismiss once the defendants' motion for summary judgment or the magistrate judge's recommended disposition were docketed.

Based on this history, it is plain that Murphy waits for the court system and her opposing counsel to put in many hours of work and then pulls the plug on her lawsuits, effectively wasting the time and resources of all involved. It is time to draw the line on Murphy's actions. Therefore, effective today, the clerk's office is instructed to return any document submitted by Murphy in any case, instead of filing it for docketing, until Murphy has paid the full statutory filing fee in that case.

Turning to the law, the Prison Litigation Reform Act requires that inmates exhaust all of their administrative remedies prior to filing suit. *See* 42 U.S.C. § 1997e; *Chelette v. Harris*, 229 F.3d 684, 687–88 (8th Cir. 2000). Here, it is clear that Murphy could not have exhausted all her administrative remedies, because she signed her complaint four days after the alleged assault. Pursuant to ADC policy, an inmate must first file an informal grievance and wait for a response. Second, they must submit a formal grievance, and wait for another response. If an inmate disagrees with the response to the formal grievance, they must then file an appeal, and wait for another response. *See* ADC Grievance Policy, Doc. No. 33-1. It simply does not make sense that Murphy could have complied with all of those requirements within a four-day span.

While defendants concede that Murphy did initially file grievances of the issue, she did not pursue them after an initial adverse decision. Nothing in the record or in Murphy's pleadings disputes this, and the time for exhaustion has passed. Thus, as Murphy has not exhausted her administrative remedies, summary judgment is granted, and this case is hereby

dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated above, defendants' motion for summary judgment [Doc. No. 31] is granted, the proposed findings and recommended disposition submitted by United States Magistrate Judge H. David Young are rejected as moot, and all other pending motions are denied as moot. Accordingly, this case is hereby dismissed with prejudice. Effective today, the clerk's office is instructed to return any document submitted by Murphy in any case, instead of filing it for docketing, until Murphy has paid the full statutory filing fee in that case.

IT IS SO ORDERED this 7th day of May 2015.

_____
UNITED STATES DISTRICT JUDGE